**WAJDA LAW GROUP, APC**
Nicholas M. Wajda
Cal. Bar No. 259178
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. GORDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>F & F MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No.  5:21-cv-01274<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Robert R. Gordon ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of F & F Management, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Central District of California, Defendant conducts business and maintains significant business contacts in the Central District of California.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age.

5. Defendant is a debt collection agency with its principal place of business located at 40960 Cal Oaks Rd., Suite 188, Murrieta, California. Defendant acted through its agents, employees, officers, members, directors, vendors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to events giving rise, in May 2021, Plaintiff received an alert from Credit Karma indicating that Defendant had added a new collection account to Plaintiff's consumer credit report.

7. Upon further investigation, Defendant is reporting a balance of $551 ("alleged debt") from a 2003 charge-off from a BankFirst account.

8. Plaintiff was perplexed as he never had a BankFirst account and does not know what the alleged debt is for.

9. Within days of discovering the new collection, Plaintiff disputed the Defendant's collection account on his credit report through Credit Karma.

10. Plaintiff has not received anything in the mail from Defendant regarding the alleged debt.

11. On July 21, 2021, Defendant left Plaintiff a threatening voicemail stating that Defendant would contact his employer, threatened legal action, and wage garnishment if Plaintiff failed to pay the alleged debt.

12. Moreover, Defendant did not identify themselves when they left the voicemail to Plaintiff's cellular phone.

13. Thereafter, Plaintiff immediately returned Defendant's voicemail and spoke with

a representative who was rude and disrespectful to Plaintiff.

14. Specifically, the representative told Plaintiff to pay the alleged debt or he will end up in jail before hanging up on Plaintiff.

15. Plaintiff then called Defendant back again and asked for more information on the alleged debt. Defendant told him it was for a 2003 BankFirst account from 2003 to 2016 when it was charged-off.

16. At no time did Plaintiff make any payments towards the alleged subject debt as he did not owe it. Based on Defendant's representations of the date of the debt, the alleged subject debt falls outside the statute of limitations for a consumer debt.

17. Plaintiff now fears that Defendant will garnish his wages or end up in jail for a debt he does not owe, leaving him distraught and worried.

18. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment, thus incurring costs and expenses.

## DAMAGES

19. Defendant's false representations and misleading conduct have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, emotional distress, mental anguish, and anxiety as Plaintiff was lead to believe he would be sued for the subject debt.

21. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

28. Defendant violated 15 U.S.C. §§1692d, d(5), d(6), e, e(2), e(4), e(5), e(10), e(11), f, and g through its unlawful debt collection practices.

   **a. Violations of FDCPA §1692d**

29. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's cellular phone seeking immediate payment on the alleged debt he does not owe.

30. Moreover, the voicemail left on Plaintiff's phone was oppressive as Defendant made false threats that Defendant would contact his employer, threatened legal action, and wage garnishment if Plaintiff failed to pay the alleged debt.

31. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt

4

to engage Plaintiff in conversations regarding the collection of an alleged debt, the Plaintiff does not owe, with the intent to annoy, abuse, or harass Plaintiff.

32.  Defendant violated §1692d(6) by placing telephone calls without disclosing his/her identity when Defendant left Plaintiff a voicemail and did not disclose who Defendant was and insisted on Plaintiff making an immediate payment to an alleged debt he does not owe or he would risk Defendant contacting his employer, threaten legal action, and wage garnishment if Plaintiff failed to pay the alleged debt.

**b.  Violations of FDCPA §1692e**

33.  Defendant violated §1692e through false, deceptive, and misleading representation in connection with the alleged debt when Defendant left Plaintiff a voicemail threating to take action against Plaintiff and garnish his wages if he failed to make a payment toward an alleged debt he does not owe.

34.  Defendant §1692e(2) through false and misleading means in connection with the alleged debt. Defendant mischaracterized the character, amount and legal status of the alleged debt when it attempted to collect on a debt that is not owed by Plaintiff.

35.  Moreover, Defendant violated §1692e(2) when they told Plaintiff that legal action would be taken against Plaintiff if he failed to pay the alleged debt he does not owe.

36.  Defendant knew or should have known that the legal status of the debt was beyond the statute of limitations as they reported the alleged debt, "charged-off," from a 2003 BankFirst account and therefore would make Defendant unable to take legal action against the Plaintiff.

37.  Defendant violated §1692e(4) when they threatened wage garnishment and legal action against the Plaintiff if he failed to pay the alleged debt he does not owe.

38.  Defendant violated §1692e(5) when threatening to take action that cannot legally be taken or that is not intended to be taken when Defendant told Plaintiff in a voicemail that

failure to pay will result in a lawsuit and wage garnishment.

39. Defendant does not intend and cannot legally take action on a debt that is beyond the statute of limitations. Furthermore, the Plaintiff does not owe the alleged debt, making the Defendant unable to bring legal action against the Plaintiff to collect on the alleged debt.

40. Defendant violated §1692e(10) by using false representation and deceptive means to collect on the alleged debt when Defendant told Plaintiff in a voicemail that legal action and wage garnishment will be taken if Plaintiff fails to make a payment toward a debt he does not owe.

41. Defendant violated §1692e(11) by failing to communicate to Plaintiff in a voicemail that Defendant is a debt collector and that they are attempting to collect on a debt.

### c. Violations of FDCPA §1692f

42. Defendant violated §1692f by engaging in unfairly and unconscionable means to collect on an alleged debt by threatening Plaintiff with a lawsuit and wage garnishment if he failed to pay the alleged debt. These means employed by Defendant only served to worry, harass and cause distress to Plaintiff.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on an alleged debt by making false threats to the Plaintiff which cannot be enforced.

44. As stated above, Plaintiff was severely harmed by Defendant's conduct.

### d. Violations of FDCPA §1692g

45. Defendant violated §1692g by failing to send Plaintiff a 30-day validation notice within five days of the initial communication.

46. Defendant failed to send Plaintiff a validation notice of the alleged debt they were attempting to collect on within five days after they contacted Plaintiff and told him they were to

garnish his wages if he failed to pay.

**WHEREFORE**, Plaintiff, ROBERT R. GORDON respectfully requests that this Honorable Court:

    a. Statutory damages of $1,000.00, pursuant to §1692k(a)(2)(A) ;

    b. Enjoin Defendant from further communicating with Plaintiff;

    c. Actual damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    d. Reasonable costs & attorneys' fees under to 15 U.S.C. §1692k(a)(3); and

    e. Such other relief that this Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: July 29, 2021

Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda , Esq.
Cal. Bar No. 259178
Wajda Law Group, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com
*Counsel for Plaintiff*